UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-070 (JWB/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                        )<br>          Plaintiff,                         )<br>                                                        )<br>     v.                                                )<br>                                                        )<br> ASHLEY ANNE DYRDAHL,              )<br>                                                        )<br>          Defendant.                       ) | **GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez and Kristian C.S. Weir, Assistant United States Attorneys, hereby submits its consolidated response to the Defendant's various pretrial motions.

1. **Motion for Disclosure of 404 Evidence (ECF No. 23).**

The United States is aware of its obligation under Fed. R. Evid. 404(b) and will fully comply with those obligations. The United States intends to produce all such evidence as soon as practicable. The United States respectfully requests that the Court order that all 404(b) disclosures be made no later than two weeks before trial.

The United States requests that the order be strictly drawn to require no more than what is encompassed by Rule 404(b). Specifically, Rule 404(b)

does not encompass acts which are "intrinsic" to the charged offense. Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If conduct of the defendant is an "intrinsic" part of any of the charged offense but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one as the defendant may claim that the United States must give notice of every "bad act" it intends to introduce, which is not so. *United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

2. **Motion for Disclosure of Evidence Favorable to the Defendant (ECF No. 24).**

The United States is aware of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The United States will fully comply with these obligations. The United States opposes the Defendant's motion to the extent that its requests go beyond the requirements of *Brady*, *Giglio*, and their progeny.

3. **Motion for Discovery and Inspection (ECF No. 25).**

The United States does not object to this motion insofar as it seeks items that fall within the ambit of Federal Rule of Evidence 16. The United States has already complied with Rule 16 and will continue to do so.

The United States, however, does object to the motion insofar as it seeks

2

items that fall outside the ambit of Rule 16. There is no general constitutional right to discovery in a criminal case. *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). A criminal defendant must point to either a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government. *Id.*

4. **Motion for Discovery of Expert Under Rule 16(a)(1)(G) (Document No. 26).**

The United States is aware of its obligations under Rule 16(a)(1)(F) and (G) and intends to comply fully with the requirements of those rules.

Regarding the timing of such disclosures, the United States respectfully requests that the Court order that all Rule 16(a)(1)(G) disclosures be made no later than 30 days before trial. *See United States v. Finn*, 919 F. Supp. 1305, 1316 n.7 (D. Minn. 1995) (ordering Government to make Rule 16(a)(1)(G) disclosures as opinions become available and no later than seven days before trial and rejecting defendant's request that such disclosures be made at least 45 days prior to trial). Such a timing requirement allows the parties sufficient notice of the expected testimony and time to prepare a focused cross-examination of the expert. *See* Fed. R. Crim. P. 16 advisory committee's note, 1993 Amendments.

5. **<u>Motion to Preserve Rough Notes (ECF No. 27).</u>**

The United States does not object to requiring the law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. However, the United States objects to any order concerning the disclosure of rough notes. Rough notes are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as there was no evidence witness signed, adopted, or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's destroyed rough notes of investigation as Jencks Act material when merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

4

Dated:   August 19, 2024

                                      Respectfully Submitted,

                                      ANDREW M. LUGER
                                      United States Attorney

                                      *s/ Thomas Calhoun-Lopez*
                                      BY:   THOMAS CALHOUN-LOPEZ
                                      Assistant U.S. Attorney
                                      Attorney ID No. 480908DC