## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### Criminal No.: 24-070 (JWB/TNL)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| v. | ) | **AND SENTENCING** |
| | ) | **STIPULATIONS** |
| ASHLEY ANNE DYRDAHL, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America and Ashley Anne Dyrdahl, (hereinafter referred to as "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.    **Charges.** The defendant agrees to plead guilty to Counts 5 and 6 of the Indictment, which charge the defendant with straw purchasing, in violation of 18 U.S.C. § 932(b)(1). The defendant fully understands the nature and elements of the crimes with which she has been charged.

Upon imposition of sentence, if there are remaining counts, the United States agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.

2.    **Factual Basis.** The defendant is pleading guilty because she is in fact guilty of Counts 5 and 6 of the Indictment.    In pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

Between September of 2023 and January of 2024, the defendant purchased five different firearms from two different federal firearms licensees that the defendant knowingly transferred to another person, Shannon Cortez Gooden.    The defendant bought the firearms on Gooden's behalf and at Gooden's direction, with the intent at the time of the purchase to transfer the firearms to Gooden to use and possess.    When the defendant purchased the firearms on Gooden's behalf and transferred them to Gooden, the defendant knew that Gooden had been convicted of second-degree assault in Dakota County, Minnesota, a crime punishable by imprisonment for more than one year.    The defendant therefore knew that Gooden was legally prohibited from obtaining or possessing firearms.

One of these five firearms was a Franklin Armory FAI-15 firearm lower receiver bearing serial number A-29064.    The defendant bought this firearm on January 5, 2024, from Modern Sportsman in Burnsville, Minnesota.

Another of the five firearms was a Palmetto State Armory PA-15 firearm lower receiver bearing serial number SCB723841.    The defendant bought this

firearm on January 25, 2024, from Burnsville Pistol & Rifle Range in Burnsville, Minnesota.

The defendant agrees that these two firearms were manufactured outside of the State of Minnesota, and necessarily traveled in and affected interstate commerce before the defendant purchased them. The defendant agrees that her purchase was therefore in and affecting interstate commerce.

On February 18, 2024, Shannon Cortez Gooden used the two firearms the defendant purchased for him to ambush police officers and firefighter paramedics who were responding to a call for help in his home. Gooden used a large capacity magazine in the attack. The attack killed two police officers and a firefighter paramedic and injured a third police officer.

The defendant admits and agrees that she acted voluntarily, and that she knew her actions violated the law.

3.    **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, she is withdrawing any motions previously filed.

3

4.    **Waiver of Constitutional Trial Rights.**    The defendant understands that she has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination.  The defendant understands that she has the right to an attorney at every stage of these proceedings and she has appointed counsel on this case.  The defendant understands that she has the right to persist in a plea of not guilty and, if she does so, she would have the right to a public and speedy trial.  By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel.  The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States

4

in the future. The defendant has discussed with her attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Statutory Penalties.**  The parties agree that Counts 5 and 6 of the Indictment, charging straw purchasing in violation of 18 U.S.C. § 932(b)(1), are felony offenses that carries the following statutory penalties:

a.    a maximum term of imprisonment of 15 years;

b.    a supervised release term of up to three years;

c.    a fine of up to $250,000; and

d.    a mandatory special assessment of $100.00.

7.    **Guideline Calculations.**  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

a.    <u>Base Offense Level.</u>  The parties agree that, because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine, and the defendant is convicted under 18 U.S.C. § 932, the base offense level for Counts 5 and 6 of the Indictment is **20**.  U.S.S.G. § 2K2.1(a)(4)(B).

b.    Specific Offense Characteristics.  The parties agree that, because the offense involved between 3–7 firearms, the base offense level should be increased by **2** levels.    U.S.S.G. § 2K2.1(b)(1)(A).  The parties agree that no other specific offense characteristics apply.

c.    Chapter 3 Adjustments.  The parties agree that, other than credit for acceptance of responsibility, no Chapter 3 adjustments apply.

d.    Acceptance of Responsibility.  The United States agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  As the defendant has timely notified the United States of the defendant's intention to enter a plea of guilty, the United States agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion.  However, the defendant understands and agrees that the United States's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the United States, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e.    Criminal History Category.  The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **I**.    U.S.S.G. § 4A1.1.    This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.  The defendant understands that

6

if the presentence investigation reveals any prior adult or juvenile sentence which should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.    <u>Guideline Range</u>.  If the adjusted offense level is **19** (20 + 2 − 3) and the criminal history category is **I**, the Sentencing Guidelines range is **30** to **37** months' imprisonment.

g.    <u>Fine</u>.  If the adjusted offense level is **19**, the applicable fine range is **$10,000** to **$100,000**.  U.S.S.G. § 5E1.2(c)(3).

h.    <u>Supervised Release</u>.  The Sentencing Guidelines call for a term of supervised release of between one and three years for Counts 5 and 6.  U.S.S.G. § 5D1.2.

8.    **Revocation of Supervised Release.**  The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3).  *See* U.S.S.G. §§ 7B1.4, 7B1.5.  The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court.  The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that

7

falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.    **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate, except that the United States agrees that it will seek a sentence within the defendant's guidelines range. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw her guilty plea.

The parties recognize that nothing in this agreement binds victims' families and representatives, who may advocate for any sentence in any written or spoken address to the Court.

11.    **Special Condition of Supervised Release**. The defendant agrees that, as part of her supervised release, she will voluntarily participate,

8

appear, and speak in a public service announcement about the dangers and consequences of straw purchasing.

12.    **Special Assessments**.    The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3.  The defendant agrees to pay the special assessment.

13.    **Forfeiture**.  The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the defendant's violation of Title 18, United States Code, Section 922, including specifically but not limited to the Glock model 47 9mm semiautomatic pistol bearing serial number CAWW742, together with ammunition; the Palmetto State Armory model Sabre-15 firearm lower receiver bearing serial number SABRE005283, together with ammunition; the Glock model 43X 9mm semiautomatic pistol bearing serial number CALT043, together with ammunition; the Franklin Armory FAI-15 firearm lower receiver bearing serial number A-29064, together with ammunition; and the Palmetto State Armory PA-15 firearm lower receiver bearing serial number SCB723841, together with ammunition.

The defendant further agrees that, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), the Court may enter a Preliminary Order of Forfeiture for

the above-described forfeitable property immediately upon the entry of the Defendant's guilty plea, which order will be final as to the Defendant immediately upon filing of the Preliminary Order of Forfeiture. The order of forfeiture shall be made a part of the Defendant's sentence and included in the Judgment.

The defendant also agrees that the United States may forfeit any and all other property subject to forfeiture as a result of the Defendant's plea by any means provided by law.

14. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above **37** months' imprisonment.

The defendant also waives the right to collaterally attack her conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal

principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **30** months' imprisonment.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises,

agreements, understandings, or conditions have been made or entered into in connection with her decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

Dated: 1/14/25

ANDREW M. LUGER
United States Attorney

BY: KRISTIAN C. WEIR
THOMAS CALHOUN-LOPEZ
Assistant United States Attorney

Dated: 1/14/25

ASHLEY ANNE DYRDAHL
Defendant

Dated: January 14, 2025

MANNY K. ATWAL
MATTHEW DEATES
Counsel for Ms. Dyrdahl

12